UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAKESH KUMAR,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. 2:18-cv-03028-MCE-AC

**MEMORANDUM AND ORDER**

Through the present action, Plaintiff Rakesh Kumar ("Plaintiff") seeks damages against the government for personal injuries he sustained at a federal post office facility. The United States now moves to dismiss Plaintiff's lawsuit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that Plaintiff failed to exhaust the administrative remedies prior to bringing suit.[1] For the reasons stated below, that Motion is GRANTED.[2]

////

////

////

////

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

## BACKGROUND[3]

This lawsuit seeks redress for injuries sustained by Plaintiff just after midnight on November 24, 2016, at the United States Post Office in Davis, California. Plaintiff backed his vehicle into a parking space adjacent to a concrete wall in order to deliver a load of mail to the loading dock. As he exited the driver's side of the delivery vehicle he was operating, Plaintiff had to traverse a raised concrete wall in order to access the rear of his vehicle and the loading dock area. Plaintiff alleges that as he did so, he slipped on a deteriorated portion of the wall.

On August 29, 2018, Plaintiff filed an administrative claim with the USPS for his resulting injuries. Declaration of Conny Beatty ("Beatty Decl.") ¶¶ 3, 4; see also Beatty Decl., Ex. A. Less than six months later, and at a point when the administrative claim was still pending, Plaintiff filed the present suit against the USPS under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA") on November 21, 2018. See ECF No. 1. He then filed a First Amended Complaint ("FAC"), also against the USPS, later that same day (ECF No. 4). While both Plaintiff's Original Complaint and the FAC allege his lawsuit is brought under the auspices of the FTCA, neither version contains any allegations attesting to Plaintiff's compliance with FTCA claims presentation requirements prior to bringing suit.

Plaintiff's administrative claim with the USPS was not concluded until June 13, 2019, when the USPS sent a certified letter to Plaintiff denying it. Decl. of Conny Beatty, ECF 7-2, ¶¶ 3, 5; see also Beatty Decl., Ex. B. Plaintiff then filed the operative Second Amended Complaint ("SAC") on December 13, 2019. ECF No. 5. While the SAC was filed within the operative six-month period for filing a claim following disposition of the requisite administrative proceedings, and although the SAC substitutes the United States as Plaintiff instead of the USPS, like its predecessors it contains no reference to

---

[3] The allegations contained in this section are drawn, sometimes verbatim, from Plaintiff's averments as set forth in the Second Amended Complaint. ECF No. 5.

2

any exhaustion of Plaintiff's administrative remedies under the FTCA before bringing suit. A summons for the United States was issued on December 17, 2019, after the filing of the SAC. ECF No. 6. The instant motion to dismiss filed thereafter on February 13, 2020. ECF Nos. 6, 7.

The SAC alleges three causes of action against the government sounding in negligence. First, Plaintiff claims that the United States negligently designed and built the parking lot in such a way as to force individuals to walk along the concrete wall. SAC, ¶¶ 14-20. Second, he claims that the United States failed to maintain both the parking lot and the wall. Id. at ¶¶ 21-28. Third, he contends that the United States was negligent in the hiring, training, supervision, and retention of its employees. Id. at ¶¶ 29-35.

In now moving to dismiss, the government claims that Plaintiff's lawsuit, as instituted on November 21, 2018, runs afoul of the provisions of the FTCA since Plaintiff's administrative claim remained pending at that point. In opposition, Plaintiff alleges that his original complaint was filed because he "was under the false impression that the USPS had determined it had no liability for Plaintiff's injuries and therefore had denied the claim, in its entirety, prior to the filing of the instant action." Pl.'s Opp., ECF No. 9, 1:25-27. According to Plaintiff, however, once he received the June 13, 2019, formal denial, he filed an amended pleading, against the United States alone, within the required time period. While Plaintiff claims to have recognized that filing an entirely new lawsuit after said denial would obviate any jurisdictional concern, he nonetheless concluded that filing an additional action based on the same incident "would cause an additional burden on the Court until such time as Plaintiff's initial case was dismissed." Id. at 2:18-20. Despite ostensibly amending his complaint within the requisite six-month period and naming the United States as a defendant, however, as indicated above Plaintiff's SAC still fails to allege compliance with the FTCA's administrative requirements in any way.

////

**STANDARD**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**ANALYSIS**

The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of a Government employee," and in so doing "waives the sovereign immunity of the United States for actions in tort." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). The FTCA "provides that 'an action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies.'" McNeil v. United States,

508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)).  The statute mandates that "[a]n action shall not be instituted upon [such] a claim . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]"  28 U.S.C. § 2675(a).  This provision defines a final denial by an agency to be a letter sent by "certified or registered mail," or, alternatively, a "deemed" denial based on the agency's failure to dispose of the administrative claim after six months.  Id.

A claimant has six months from the denial of his or her claim by the administrative agency to file an action in federal court, or, if the agency fails to make a final disposition, six months from the time the claim is filed.  See 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b).  In the present case, this means that Plaintiff had to wait until after January 13, 2019, when the USPS issued its final denial, to file suit, and had six months thereafter to timely do so.  Moreover, even if no denial had been forthcoming, under the statute Plaintiff's claim would not have been "deemed" denied until six months after it was presented on August 29, 2018, and consequently Plaintiff could not have filed suit under that scenario until even later, in early March of 2019.  The requirement of administrative exhaustion in this regard is jurisdictional and cannot be waived.  See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

In McNeil, a claimant sued the United States Public Health Service in federal court before submitting any tort claim for his injury to the government under the FTCA.  The Supreme Court rejected any claim that the jurisdictional prerequisites of the FTCA could be relaxed under certain circumstances, reasoning that "[t]he most natural reading of [28 U.S.C. § 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."  508 U.S. at 112.  Thus, the McNeil court held that courts lack subject matter jurisdiction and must dismiss FTCA actions against the United States which are instituted before those requisite administrative actions have occurred.  Id.  It reasoned that premature FTCA

///

filings burden the judicial system as well as the Department of Justice, which must assume the defense in such actions.  Id.

Relying on McNeil, the government here argues that Plaintiff's lawsuit was premature.  The Ninth Circuit, in the wake of McNeil, has dismissed complaints against the government prematurely filed in state court prior to exhaustion of administrative remedies.  See Jerves v. United States, 966 F.2d at 519 (requiring strict adherence to § 2675(a) and dismissing case where plaintiff had filed in district court after the FTCA claim had been submitted to federal agency but before final denial of her claim was received and before six-month period had elapsed); Spawr v. United States, 796 F.2d 279, 280 (9th Cir. 1986) (explaining that the requirement in 28 U.S.C. § 2675(a) that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution "is jurisdictional in nature and may not be waived").

Courts have also repeatedly rejected arguments that any defect in this regard can be rectified through amendment, as Plaintiff argues here.  The Supreme Court, in McNeil, unequivocally found that exhaustion must occur "before invocation of [any] judicial process."  McNeil, 508 U.S. at 112.  Subsequent decisions in this district have explicitly extended McNeil's reasoning in this regard to amendment.  See Sparrow v. U.S. Postal Serv., 825 F. Supp. 252, 254 (E.D. Cal. 1993) ("To permit the premature filing of an FTCA action to be cured by the filing of an amended complaint upon denial of the administrative claim would be inconsistent with both McNeil and the rationale behind the jurisdictional prerequisite mandated by the FTCA . . . ."); see also Yearby v. California Dep't of Corrections, No. 2:07-cv-02800 JAM KJN P, 2010 WL 2880180, at *7 (E.D. Cal. July 21, 2010) (citing cases that "uniformly hold that a federal tort claim must be both presented and denied before a plaintiff institutes suit by filing his initial complaint, and that an amended complaint will not be construed as 'instituting' an action within the meaning of § 2675").

///

As indicated above, whether by way of formal denial or in the event the USPS took no action in response to Plaintiff's administrative claim, the earliest Plaintiff could have filed this lawsuit was January 13, 2019.  Because Plaintiff's action was in fact commenced on November 21, 2018, it was filed nearly three months before that time and must be rejected as premature, despite any later amendment.

In opposition to the government's Motion to Dismiss, Plaintiff argues that the Court should "deem Plaintiff's action against the United States timely" for essentially two reasons.  First, as indicated above, he contends that he anticipated that the USPS would deny his claim and thus believed that the USPS had reached this determination prior to filing the complaint.  Pl.'s Opp., ECF No. 9, 1:25-27.  That contention is unpersuasive under the circumstances presently known to the Court.  "The fact that plaintiff believes he knew what the response to the tort claim would be does not excuse compliance with the exhaustion requirements of the FTCA."  Webster v. United States, 2005 WL 3031154, at *2 (E.D. Cal. Nov. 8, 2005).  Moreover, although Plaintiff claims that he was under the mistaken belief that the USPS had actually denied his claim, he fails to substantiate that assertion with any evidence.

As to Plaintiff's second argument, for the reasons already stated, a plaintiff cannot cure his failure to exhaust by later amending his complaint.  Nor does the fact that Plaintiff filed an amended complaint naming the United States as a defendant in lieu of the USPS change the result.  See Gaerman v. F.B.I., 2003 WL 23537963, at *2 (D. Or. Sept. 29, 2003) (substituting United States as party but dismissing because a premature complaint cannot be cured by filing an amended complaint).

The government asks the Court to not only dismiss the case, but to do so with prejudice, reasoning that if Plaintiff files a new complaint, the six-month limitation period for filing suit, as set forth in 28 U.S.C. § 2401(b), will already have run. The Court declines to do so.  Plaintiff's opposition, as set forth above, raises the question of whether the USPS may have taken some action causing him to believe, albeit mistakenly, that the agency had already denied Plaintiff's FTCA claim before it actually

did so.  If Plaintiff can marshal sufficient facts supporting that contention, the Court cannot rule out the possibility that a new lawsuit may relate back to the filing of this action and thereby be deemed timely.

## CONCLUSION

For all the foregoing reasons, the Motion to Dismiss filed on behalf of the United States for lack of subject matter jurisdiction under Rule 12(b)(1) (ECF No. 7) is GRANTED.  Plaintiff's lawsuit is accordingly DISMISSED, without prejudice.  The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated:  May 19, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE